IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ABRAHAM GRANT**                                                                                    **PLAINTIFF**
**ADC #128147**

VS.                                              **4:24-CV-00818-BRW**

**E. DION WILSON, Judge**                                                                           **DEFENDANT**

## ORDER

Plaintiff Abraham Grant has paid the filing fee. I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[1] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[2] For the reasons state below, Mr. Grant's complaint is dismissed for failure to state a claim.

In 2003, a Phillips County Arkansas jury found Mr. Grant guilty of capital murder and first-degree battery, and he was sentenced to life imprisonment.[3] On appeal of that sentence, Mr. Grant argued that his trial judge erred in admitting statements into evidence under the dying declaration exception to the hearsay rule.[4] The Arkansas Supreme Court rejected his argument and affirmed his conviction.[5] Mr. Grant now sues Circuit Judge Dion Wilson arguing that his decision to allow the introduction of the same evidence violated due process principals.[6] Judge

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915.

[2] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e).

[3] *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

[4] *Id*.

[5] *Id*.

[6] Doc. No. 2.

Wilson, however, is absolutely immune from suit for decisions made in his judicial capacity,[7] and, nothing in the complaint establishes that Judge Wilson acted either outside of his judicial capacity or absent jurisdiction.[8] In any event, because Mr. Grant's claims go directly to the validity of his conviction, and he has presented no evidence that his conviction has been reversed, set aside, or expunged, his claims are *Heck*-barred and will be dismissed.[9]

The complaint is DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.[10] I certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.[11]

IT IS SO ORDERED this 14th day of November, 2024.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[7] *See Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

[8] *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020).

[9] *See Heck v. Humprey*, 512 U.S. 477, 486-87 (1994).

[10] 28 U.S.C. § 1915A.

[11] 28 U.S.C. § 1915(a)(3).

2